UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| W.A.T.C.H. TV COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-00550-RLY-MJD |
| ) | |
| GREG JARMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO INTERVENE**

This matter is before the Court on a motion to intervene filed by non-party National Farmers Union Property and Casualty Company ("National"). [Dkt. 81.] No party has filed a response to the motion. The Court, being duly advised, **DENIES** the motion for the reasons set forth below.

**I. Background**

In their Amended Complaint, Plaintiffs allege that Defendants have misappropriated Plaintiffs' trade secrets and other confidential information in the course of starting and running a new business. Plaintiffs assert claims under the Lanham Act, 15 U.S.C. § 1125(a), the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and the Indiana Uniform Trade Secrets Act, Ind. Code § 24-2-3-1, et seq., as well as common law claims for breach of contract and unfair competition. [Dkt. 52.] In response to the Amended Complaint, Defendants Grit Technologies LLC and Greg Jarman asserted Counterclaims against

Plaintiffs for tortious interference with a contract, defamation, unfair competition, and violation of the Lanham Act. [Dkt. 64.] The remaining Defendants asserted Counterclaims for defamation. [Dkt. 65, 66, 67.] The Defendants also assert third-party claims against Chris Daniels.

## II.  Discussion

Proposed Intervenor National insures Plaintiff The Benton Ridge Telephone Company. Pursuant to that insurance policy, Plaintiff/Counterclaim Defendant W.A.T.C.H. TV Company and Third-Party Defendant Daniels have requested National to provide them a defense to the counterclaims and third-party claims asserted against them in this case, which National is doing under a reservation of rights. In the instant motion, National seeks to intervene in this case to assert a claim for declaratory judgment that National is not obligated to defend or indemnify Plaintiffs or Daniels with regard to the claims against them in this case. National argues that it is entitled to intervene as a matter of right or, alternatively, that it should be permitted to intervene. The Court disagrees on both counts.

### A.  Intervention of Right

Intervention as a matter of right is governed by Federal Rule of Civil Procedure 24(a).

> To intervene in a federal lawsuit under Federal Rule of Civil Procedure 24(a)(2), a proposed intervenor needs to meet four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action."

*Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793, 797 (7th Cir. 2019) (quoting *Illinois v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019)). "The proposed intervenor has the burden of establishing all four elements; the lack of even one requires that the court deny

the motion." *Id.* (citing *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001)). Here National cannot satisfy, at a minimum, the third element. Nothing about the disposition of this case will impair National's interest in any way. National's duty to defend and/or indemnify in this case is governed by the terms of the insurance contract as applied to the allegations in the counterclaims and third-party complaints. This case does not involve the interpretation of the insurance contract, and National's claim that the contract does not apply to the allegations in this case simply will not be affected by the outcome of this case. National argues that

> [t]he third element under the rule is also satisfied. If [National] does not owe a duty to defend, then it can withdraw its defense and not incur any further expenses associated with the defense of the Plaintiffs and Third-Party Defendant. Conversely, if a duty to defend is owed, then all parties benefit from that determination. This determination can be made more efficiently and inexpensively in this proceeding, as opposed to a separate proceeding. Moreover, [National] can present this issue to the court for determination in a timely manner, without "cutting in line" ahead of the other claims which are already pending.

[Dkt. 82 at 6.] But this argument demonstrates that National is not seeking to intervene to avoid potential impairment of its rights by the resolution of this case, but rather because it believes having its claims decided in this case will be quicker and more efficient than having them decided in a separate suit. National's interests in a quicker and more efficient resolution of its claims simply do not satisfy the requirements of Rule 24(a).

### B. Permissive Intervention

Permissive intervention is governed by Federal Rule of Civil Procedure 24(b)(1)(B), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

3

Other than that requirement, the "decision to permit intervention is 'wholly discretionary.'" *Kaul*, 942 F.3d at 803 (quoting *Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000)). "The Rule requires the court to consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights, Fed. R. Civ. P. 24(b)(3), but otherwise does not cabin the district court's discretion." *Id.* (additional citations and internal quotation marks omitted). Indeed, the Seventh Circuit has noted that "[r]eversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique." *Id.* (citation and internal quotation marks omitted).

In this case, National asserts that "[d]etermining whether a duty to indemnify is owed requires an examination and juxtaposition of the allegations of the Amended Counterclaims and Amended Third-Party Complaints with the subject insurance policy." [Dkt. 82 at 8.] That is correct. National then concludes, without elaboration, that "[t]hus, the requirement of common questions of law and fact is satisfied." *Id.* The Court disagrees. The Amended Counterclaims and Amended Third-Party Complaints require a determination of (1) what happened; and (2) whether what happened constituted tortious interference with a contract, defamation, unfair competition, and/or a violation of the Lanham Act. National's declaratory judgment action does not require the resolution of either of those questions. Rather, as National notes, it requires a determination of (1) what the relevant contract terms mean; and (2) given those terms, whether the allegations against Plaintiffs and Daniels trigger a duty to defend and/or indemnify. There is simply no overlap between the two. In fact, the insurance contract is entirely irrelevant to the claims in this case; those claims will be litigated to their

4

conclusion without any examination of the terms of the policy by the Court. Accordingly, permissive intervention is not appropriate.

### III. Conclusion

For the reasons set forth above, National's motion to intervene [Dkt. 81] is **DENIED**. The **Clerk is directed** to terminate National on the Court's docket.

SO ORDERED.

Dated: 31 AUG 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.